# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Perez, Jr., | No.    CV-25-00108-TUC-SHR |
| Petitioner, | **Order Adopting R&R** |
| v. | |
| B. Hudson, | |
| Respondent. | |

On December 15, 2025, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") (Doc. 14) in which she recommended the Court deny Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).  The Court has reviewed the record, including Petitioner's Objection (Doc. 15) and Respondent's Response (Doc. 16) and adopts Judge Aguilera's R&R.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

## I.    Background

Neither party objects to, and the Court adopts, the following facts set forth in the R&R. (Doc. 14.)  On October 4, 2011, Petitioner was arrested in Pennsylvania for assault on a federal officer and use of a firearm in relation to a crime of violence.  He pled guilty to both crimes, and, on August 7, 2012, the Pennsylvania district court sentenced him to a 180-month term of imprisonment.  From September 22, 2014, to July 19, 2018, Petitioner was temporarily released from Federal Bureau of Prisons (BOP) custody for prosecution in a separate federal case in Indiana, where he pled guilty to conspiracy to participate in

racketeering activity.  On June 18, 2018, the Indiana district court sentenced him to a 188-month term of imprisonment, to be served concurrently with the sentence imposed in the Pennsylvania case.

On March 8, 2024, BOP recalculated Petitioner's sentence and determined his projected release date is March 7, 2030.  As prior computations listed his projected release date as March 6, 2025, Petitioner sought administrative relief asserting BOP had wrongfully denied him five years of credit.  At the final administrative level, the general counsel denied relief.

On March 7, 2025, Petitioner filed a petition pursuant to § 2241 challenging BOP's calculation of his sentence.  (Doc. 1.)  Magistrate Judge Aguilera subsequently issued an R&R concluding BOP had correctly calculated Petitioner's sentence and recommending denial of Petitioner's petition on the merits.  (Doc. 14.)

**II.      Standard of Review**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  § 636(b)(1).  "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge."  *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work," and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

**III.     Discussion**

Petitioner objects to the Magistrate Judge's R&R, asserting it erroneously concludes "the over 1 year of federal pretrial detention petitioner served" between 2011 and 2012 "is appropriately not contained in the sentence computation" and is therefore not being

properly credited for that time.  (Doc. 15.)  Petitioner also "objects to the R&R's failure to account for [his] federal pretrial detention in the northern district of Indiana from September 2014 [to] June 2018" and is effectively being required to serve the pretrial detention twice.  (*Id.*)

Contrary to Petitioner's objections, the R&R correctly concludes both of these time periods were properly incorporated into BOP's calculation of Petitioner's sentence. Petitioner received credit for the 308 days he spent in pretrial detention in connection with his conviction in Pennsylvania district court.  (Doc. 14 at 3.)  BOP correctly subtracted this time from Petitioner's total aggregate sentence.  Further, BOP's calculation of Petitioner's sentence included credit for all time Petitioner has spent in federal custody since his arrest in 2011.  While he did not receive *pre-sentence* credit for time he spent in custody between September 22, 2014, and July 19, 2018, in connection with his federal conviction in the Northern District of Indiana, he continued to serve his original 180-month sentence while in federal custody.  *See* 18 U.S.C. § 3585(b) (stating prisoner is entitled to credit only for time "that has not been credited against another sentence).  The Court will deny Petitioner's objections.

**IV.    Conclusion**

**IT IS ORDERED** Magistrate Judge Aguilera's R&R (Doc. 14) is **adopted** in its entirety.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this matter is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 9th day of June, 2026.

Honorable Scott H. Rash
United States District Judge